UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE RALPH JOHN NOWACKI,<br><br>Plaintiff,<br><br>vs.<br><br>D & M CUSTOM HARVESTING, FRED PULLMAN, (OWNER);<br><br>Defendants. | 1:20-CV-01001-CBK<br><br>ORDER OF DISMISSAL |

Plaintiff filed a *pro se* complaint claiming he is owed wages of $996 from defendants. He has requested leave to proceed without the prepayment of the filing fee.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal quotations omitted) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). "Federal Rule of Civil Procedure 8(a)(1) directs that a complaint shall set forth 'a short and plain statement of the grounds upon which the court's jurisdiction depends.' A complaint that does not contain an adequate statement of jurisdictional facts is 'fatally defective.'" Hutchins v. Homestead Sav., 5 F.3d 531 (8th Cir. 1993).

Plaintiff has failed to allege any basis for federal court subject matter jurisdiction. Plaintiff alleges in his complaint that he resides in Montana. He does not state the residence of defendants but the file shows that defendants are residents of South Dakota.

The only arguable basis for federal court jurisdiction is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

To establish subject matter jurisdiction under 28 U.S.C. § 1332, plaintiff must show that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000. Plaintiff's suit clearly does not meet the diversity threshold amount in controversy.

Absent basis for federal court jurisdictions, plaintiff's claims cannot be adjudicated in the United States District Court for the District of South Dakota.

Now, therefore,

IT IS ORDERED:

1. This matter is dismissed without prejudice and without costs.

2. Plaintiff's application, Doc. 2, to proceed without the prepayment of fees is denied as moot.

3. Plaintiff's motion, Doc. 6, to electronically file is denied as moot.

DATED this 20th day of March, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge